IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM CHARLES SERNA,**

      **Plaintiff,**

v.                                                    No. CIV-08-0330 WJ/LAM

**ATTORNEY: HOUSTON ROSS,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint *(Doc. 1)*. Plaintiff is incarcerated, appears *pro se*, and has moved for leave to proceed *in forma pauperis (Doc. 2)*. The motion for leave to proceed *in forma pauperis (Doc. 2)* will be granted, and for the reasons below, Plaintiff's complaint *(Doc. 1)* will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2)(B) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. State of Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by

counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is Plaintiff's second complaint arising from state criminal proceedings. The caption of the complaint names a private attorney (Ross) as Defendant. In text, the complaint identifies a New Mexico Public Defender (Marlene Foster) as an additional Defendant. Plaintiff alleges that Defendant Ross was assigned to represent Plaintiff in a state criminal prosecution, and Defendant Foster was his "direct supervisor." Defendant Ross allegedly violated several of Plaintiff's constitutional protections by attempting to withdraw from the case and raising competency issues. These allegations are nearly identical to those made in Plaintiff's earlier complaint in cause No. CV 08-0176 WJ/CEG against other defense attorneys. As in his earlier action, Plaintiff makes no separate allegations against the Defendant public defender.[1] The complaint seeks damages.

Plaintiff's allegations fail to state claims on which relief can be granted against Defendants Ross and Foster. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state . . . law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316-17 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law").

---

[1] Because Plaintiff names different defendants in this action and refers to different state criminal proceedings, the Court assumes for purposes of this order that Plaintiff's allegations, although similar to those in his earlier complaint, are not res judicata.

Case law is clear that a private attorney or a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *See Polk County*, 454 U.S. at 325; *Goetz v. Windsor Central Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's civil rights complaint. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 918-22 (2007), (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 *(Doc. 2)* is **GRANTED**, and the initial partial payment toward the filing fee is **WAIVED**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint *(Doc. 1)* is **DISMISSED with prejudice**, and judgment will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE**